Barry M. Walker (SBN 195947)
James R. Boyd (SBN 175597)
Amy M. Oakden (SBN 248408)
WALKER TRIAL LAWYERS, LLP
31504 Railroad Canyon Road, Suite 2
Canyon Lake, CA 92587
admin@walkertriallawyers.com
951.667.5792
951.821.7150 fax

Attorneys for Plaintiff,
Z BEST BODY AND PAINT SHOPS, INC.

CLAYSON, MANN, YAEGER & HANSEN
601 SOUTH MAIN STREET
CORONA, CA 92882
TELEPHONE: (951) 737-1910

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Z BEST BODY AND PAINT SHOPS, INC., a California corporation,

Plaintiff,

vs.

THE SHERWIN-WILLIAMS COMPANY, and DOES 1 through 10, Inclusive,

Defendants.

CASE NO.: 5:16-cv-02398-SVW-KK

Assigned to the
Honorable Stephen V. Wilson

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

**DATE:** June 12, 2017
**TIME:** 1:30 p.m.
**CRTRM:** 10A

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Z Best Body and Paint Shops, Inc. ("Plaintiff") opposes the Motion to Dismiss the First Amended Complaint filed by Defendant The Sherwin-Williams Company ("Defendant") as follows.

///

WALKER TRIAL LAWYERS
31504 RAILROAD CANYON ROAD, SUITE 2
CANYON LAKE, CA 92587
TELEPHONE: 951.667.5792

I.

**FACTUAL BACKGROUND**

Plaintiff has been in the business of repairing and painting automobiles for over 17 years. (Dkt. 31 at ¶ 5). In 2008, due to several municipalities changing their environmental regulations, it became clear to Plaintiff that it would need to switch its system over from a solvent based paint to a water based paint. (Dkt. 31 at ¶ 6). As water based systems were fairly new at the time, Plaintiff knew the importance of choosing a well-known company with a good reputation. (Dkt. 31 at ¶ 6). On August 25, 2008, Plaintiff and Defendant entered into a supply agreement whereby Plaintiff agreed to exclusively purchase automotive paint and related products from Defendant until the net amount of Plaintiff's purchases of products from Defendant equaled $290,000.00 (the "Agreement"). (Dkt. 31 at ¶ 8). Prior to entering into the Agreement, Defendant made numerous representations regarding the superior quality of its products, that it had the best water based system available for shops, and that Defendant could help Plaintiff be "in compliance without compromise," and "maximize high production and efficiency." (Dkt. 31 at ¶ 7). Defendant represented that its water based products were superior and trouble and defect free. (Dkt. 31 at ¶ 7). Plaintiff relied on Defendant's representations and thus entered into the Agreement. (Dkt. 1 at ¶ 6).

Throughout the term of the Agreement, and then continuing through June 2016, Z Best experienced several paint failures, received numerous customer complaints and was required to repaint numerous customer vehicles due to the inferior quality of Defendant's paint. (Dkt. 1 at ¶ 7). In fact, Plaintiff continues to receive complaints requiring it to honor its warranties. (Dkt. 1 at ¶ 8).

Despite the numerous complaints, Defendant continued to misrepresent the quality of its products and the reasons the products were failing. (Dkt. 31 at ¶ 9). However, based on Defendant's numerous and repeated misrepresentations related to the reasons for the paint failures, and representations that Plaintiff was the only shop

WALKER TRIAL LAWYERS
31504 RAILROAD CANYON ROAD, SUITE 2
CANYON LAKE, CA 92587
TELEPHONE: 951.667.5792

experiencing these issues, Plaintiff continued to buy products as required by the Agreement and even beyond the term of the Agreement. (Dkt. 31 at ¶ 10).

In June 2016, Plaintiff read a news article about another paint shop owner that had successfully sued Defendant for the exact product failures Plaintiff had reported to Defendant. (Dkt. 31 at ¶ 11). Plaintiff discovered from reading the article that Defendant had misrepresented the reasons for the quality issues and defects, and that Plaintiff was not the only shop experiencing these issues, as Defendant had led Plaintiff to believe. (Dkt. 31 at ¶¶ 11, 12). As a result of this discovery, and the continuing and numerous customer complaints and necessary re-repairs and re-paintings of customer vehicles, Plaintiff discontinued its purchase of Defendant's products and filed the instant action. (Dkt. 1 at ¶ 11).

## II.

## LEGAL STANDARD

Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is "'proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.'" *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010), quoting *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). "On a motion to dismiss for failure to state a claim, the court must construe the complaint in the light most favorable to the plaintiff, taking all [its] allegations as true and drawing all reasonable inferences from the complaint in [its] favor. Moreover, 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle [it] to relief.'" *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005), quoting *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957).

///

///

///

WALKER TRIAL LAWYERS
31504 RAILROAD CANYON ROAD, SUITE 2
CANYON LAKE, CA 92587
TELEPHONE: 951.667.5792

## III.

## ARGUMENT

Defendant argues that Plaintiff's First Amended Complaint should be dismissed for failure to state a claim. As set forth more fully herein, Plaintiff has pleaded sufficient facts to constitute a cause of action for all six counts, and Defendant's motion to dismiss should therefore be denied in its entirety.

### A. The Economic Loss Rule Does Not Bar Plaintiff's Fraud Claims

Defendant characterizes Plaintiff's fraud allegations as mere disappointment over unfulfilled contractual promises and thus argues that the economic loss rule operates to bar Plaintiff's fraud claims. Defendant's argument fails for two reasons. First, Plaintiff adequately alleged that Defendant engaged in fraudulent conduct and violated legal duties independent of the contract. Second, Plaintiff alleges noneconomic damages, specifically loss of good will and reputation, which give rise to tort liability. The economic loss rule therefore does not apply.

"Contract and tort are different branches of law. Contract law exists to enforce legally binding agreements between parties; tort law is designed to vindicate social policy." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 514 (1994). "Conduct amounting to a breach of contract becomes tortious only when it also violates an independent duty arising from principles of tort law." *Id.* at 515. "Liability for deceit, for example, may be imposed on contracting parties as well as others: 'One who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers.'" *Id.* at 520 n.8 (quoting Cal. Civ. Code, § 1709).

As set forth above, Plaintiff has alleged that Defendant repeatedly misrepresented the quality of its products to Plaintiff and made multiple misrepresentations and false assurances to induce Plaintiff to continue to purchase its products, knowing that its products were defective. Defendant therefore violated legal

WALKER TRIAL LAWYERS
31504 RAILROAD CANYON ROAD, SUITE 2
CANYON LAKE, CA 92587
TELEPHONE: 951.667.5792

duties independent of contract, and its attempt to use the economic loss rule to bar Plaintiff's fraud claims is therefore misplaced.

In addition, Plaintiff has not only alleged economic injuries resulting from Defendant's breach of contract, but it has also alleged loss of good will and reputation. (Dkt. 1 at ¶¶ 12, 13). Injury to reputation is considered a noneconomic loss. Cal. Civ. Code § 1431.2(b)(2). Again, Defendant's attempt to bar Plaintiff's fraud claims based on the economic loss rule therefore fails.

**B. Plaintiff's Fraud Claims Are Not Time Barred**

Defendant's contention that Plaintiff's fraud claims are time barred fails for two reasons. First, as alleged in the complaint, Plaintiff did not discover that Defendant had misrepresented the quality of its products and the reason for the product failures until June 2016 (Dkt. 1 at ¶ 9). A cause of action for fraud must be brought within three years, and "is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." Cal. Civ. Proc. Code § 338. Section 338 effectively codifies the delayed discovery rule in connection with actions for fraud, providing that a cause of action for fraud is not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake. *Britton v. Girardi*, 235 Cal. App. 4th 721, 725 (2015). As Plaintiff had no reason to suspect that Defendant had committed fraud until June 2016, as alleged in the complaint, the statute of limitations was tolled in accordance with the discovery rule.

Second, even if the discovery rule does not apply to toll the limitations period until June 2016, Plaintiff's fraud claims are still timely under the theory of continuous accrual. Under the theory of continuous accrual, "a series of wrongs or injuries may be viewed as each triggering its own limitations period, such that a suit for relief may be partially time-barred as to older events but timely as to those within the applicable limitations period." *Aryeh v. Canon Business Solutions, Inc.*, 55 Cal.4th 1185, 1198 (2013). Here, there were several instances of fraud that occurred over many years,

and each breach must be treated as triggering a new statute of limitations. *Id.* Plaintiff's claims are therefore not time-barred, and Defendant's motion to dismiss on this ground should be denied.

**C. Plaintiff's Fraud and Negligent Misrepresentation Claims are Well Pled and Should Not be Dismissed**

**1. Plaintiff Has Sufficiently Alleged Justifiable Reliance.**

Defendant contends that Plaintiff cannot plausibly allege justifiable reliance because its allegations are "conclusory." However, as noted above, Plaintiff has alleged ample facts allowing Defendant to prepare an adequate answer and defend against the allegations.

The elements of fraud are: "'(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.'" *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996), quoting 5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 676, p. 778. Plaintiff alleged that Defendant repeatedly misrepresented the quality of its products and the reasons Plaintiff was experiencing product failure with the intent to induce Plaintiff to enter into the Agreement and continue purchasing Defendant's products, and that Plaintiff did in fact rely on Defendant's misrepresentations to its detriment. Plaintiff has clearly alleged the required elements of fraud.

In addition, Defendant contends that the representations it made regarding the quality of its products amount to mere puffery. "A statement is considered puffery if the claim is extremely unlikely to induce consumer reliance. Ultimately, the difference between a statement of fact and mere puffery rests in the specificity or generality of the claim." *Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1053 (9th Cir. 2008). Defendant mischaracterizes Plaintiff's allegations, arguing that Plaintiff somehow relied on an advertising campaign touting Defendant's superior quality products. However, this is not what Plaintiff alleged. As set forth in the

WALKER TRIAL LAWYERS
31504 RAILROAD CANYON ROAD, SUITE 2
CANYON LAKE, CA 92587
TELEPHONE: 951.667.5792

WALKER TRIAL LAWYERS
31504 RAILROAD CANYON ROAD, SUITE 2
CANYON LAKE, CA 92587
TELEPHONE: 951.667.5792

Complaint, Defendant represented to Plaintiff that its products were superior, when in fact, they were not. Plaintiff relied on this specific representation by Defendant, not an advertisement, in entering into the Agreement. Furthermore, not only did Defendant misrepresent the quality of its products throughout the time that Plaintiff purchased its products, but Defendant also went so far as to misrepresent the reasons Plaintiff was experiencing product failure each time Plaintiff made complaints about product quality to Defendant. In addition, Defendant led Plaintiff to believe that it was the only shop having these product quality issues.

Defendant further argues that Plaintiff cannot sufficiently allege the elements of fraud because it continued to purchase defective products from Defendant even after it was no longer contractually obligated to do so. However, this allegation further supports Plaintiff's fraud claim as it only continued to purchase Defendant's products as a direct result of the continued false misrepresentations Defendant continued to make regarding the quality of its products and the reasons Plaintiff was experiencing problems with the products.

**2. Plaintiff Need Not Allege a Duty to Disclose in Order to Plead a Cause of Action for Concealment.**

Defendant claims that because Plaintiff has not alleged that Defendant had a duty to disclose, it therefore cannot sufficiently plead a cause of action for concealment. Defendant's assertion is incorrect. "In transactions which do not involve fiduciary or confidential relations, a cause of action for non-disclosure of material facts may arise in at least three instances: (1) the defendant makes representations but does not disclose facts which materially qualify the facts disclosed, or which render his disclosure likely to mislead; (2) the facts are known or accessible only to defendant, and defendant knows they are not known to or reasonably discoverable by the plaintiff; (3) the defendant actively conceals discovery from the plaintiff." *Warner Constr. Corp. v. City of Los Angeles*, 2 Cal. 3d 285, 294, (1970).

WALKER TRIAL LAWYERS
31504 RAILROAD CANYON ROAD, SUITE 2
CANYON LAKE, CA 92587
TELEPHONE: 951.667.5792

Here, as alleged in the complaint, Defendant repeatedly and continuously touted the superior quality of its products to Plaintiff, even though the products were subpar. In addition, in response to Plaintiff's multiple complaints about the quality of the products and the problems it was experiencing, Defendant made multiple misrepresentations and false assurances to induce Plaintiff to continue to purchase its products, all the while knowing that its products were defective. Defendant's multiple failures to disclose involved (1) material facts; (2) facts that were known and accessible only to Defendant and known by Defendant to not be reasonably discoverable by Plaintiff; and (3) Defendant actively concealed material facts from Plaintiff. Plaintiff's allegations therefore fall into all three of the exceptions to the requirement of a fiduciary relationship, and Plaintiff has therefore adequately pleaded facts supporting a cause of action of fraud based on concealment.

**D. Defendant's Motion to Dismiss Plaintiff's Contract Claims Should be Denied.**

**1. Choice of Law Provision**

Defendant contends that, based on the choice of law provision contained in the Agreement, that Ohio law should be applied to those claims arising out of the Agreement. First, California has a materially greater interest in the determination of the issues of this case, and California law should therefore be applied to all claims. "If the place of negotiating the contract and the place of performance are in the same state, the local law of this state will usually be applied." *Restatement 2d of Conflict of Laws*, § 187(2)(b) & Comment g; *see also Nedlloyd Lines B.V. v. Superior Court (Seawinds LTD)*, 3 Cal. 4 th 459, 466 & n.5. Here, the Agreement was formed, negotiated and performed in California. Plaintiff only does business out of its shop in Riverside County, California. Defendant regularly does business in California by soliciting business, making sales, maintaining accounts, shipping products and employing people in California. As such, California law should apply to all claims in this case.

Second, even if Ohio law does apply to the contract-based claims, as Plaintiff alleged in the complaint, and as Defendant concedes in its motion, Plaintiff continued to purchase products from Defendant beyond the term of the Agreement and thus after the Agreement had expired. The Agreement, and the choice of law provision therein, therefore would not apply to transactions beyond the expiration of the Agreement.

**2. Defendant's Attempt to Waive Warranties Is Invalid and Is Not the Proper Subject of a Motion to Dismiss.**

Defendant claims that it waived all warranties in the Agreement, including the implied warranties of merchantability and fitness. Defendant's claim is incorrect. The first sentence of the "warranties" section of the Agreement states that Plaintiff was "entitled to participate in any product warranty program offered by Sherwin-Williams . . . ." (Complaint. Ex. A, Dkt. 1-1, at p. 3). The purported disclaimer immediately following states, "EXCEPT AS PROVIDED IN A WARRANTY PROGRAM REFERRED TO IN THE PRECEDING SENTENCE . . . ." (*Id.*). When a contract contains both an express warranty and a purported negation of the warranty, the negation is inoperable to the extent that a consistent construction is unreasonable. Cal. Com. Code § 2316(1). "A disclaimer of an express warranty is essentially contradictory . . . ." *Fundin v. Chicago Pneumatic Tool Co.*, 152 Cal. App. 3d 951, 958 (1984).

In addition, the Agreement required Plaintiff to represent to Defendant that it had "received an offer to purchase products of like grade and quality," and to "acknowledge[] and agree[]" that the "terms and conditions" of the Agreement were "offered" by Defendant "in order to meet such competitive offer." (Complaint. Ex. A, Dkt. 1-1, at p. 3). "[F]actors apart from consideration and express terms may be used to ascertain the . . . content of an . . . agreement, including . . . assurances." *Foley*, 47 Cal. 3d at 680. "[R]epeated oral assurances" can create contractual obligations. *Id.* at 681. At the very least, factual inquiries outside the pleadings are required to determine the merits of Defendant's warranty waiver arguments, and

WALKER TRIAL LAWYERS
31504 RAILROAD CANYON ROAD, SUITE 2
CANYON LAKE, CA 92587
TELEPHONE: 951.667.5792

WALKER TRIAL LAWYERS
31504 RAILROAD CANYON ROAD, SUITE 2
CANYON LAKE, CA 92587
TELEPHONE: 951.667.5792

Plaintiff's warranty claims should therefore not be dismissed pursuant to Rule 12(b)(6).

Finally, as noted above, Plaintiff purchased products from Defendant after the Agreement had expired. Therefore, even if the disclaimer in the Agreement is valid, it does not apply to at least a portion of the purchases Plaintiff made, and Defendant's motion to dismiss the warranty claims should therefore be denied.

**3. Plaintiff's Count for Breach of the Covenant of Good Faith and Fair Dealing is Proper under California Law.**

Defendant claims that Plaintiff's claim for breach of the covenant of good faith and fair dealing fails as it is not recognized under Ohio law. However, as set forth above, California law should govern all of Plaintiff's contact claims, or at the very least, a portion of the claims that were beyond the contract period. California law, however, which applies to at least a portion of the purchases alleged in the complaint, does recognize a cause of action for breach of the covenant of good faith and fair dealing. *See*, *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1156 (N.D. Cal. 2013). Defendant's motion to dismiss on this ground must therefore be denied.

**4. Plaintiff's Count for Unjust Enrichment is Proper under Both California and Ohio Law.**

Defendant contends, based on Ohio law, that Plaintiff's Count VII for unjust enrichment should be dismissed as duplicative of Plaintiff's claim for breach of contract. However, Plaintiff's claim for unjust enrichment is proper under both California and Ohio law.

First, as noted above, at least a portion of Plaintiff's purchases of Defendant's defective products occurred outside the term of the Agreement. Therefore, neither the Agreement, nor Ohio law, applies to those purchases.

Second, under Ohio law, an unjust enrichment claim may be pled in the alternative where there are also allegations of fraud. See, *Cheers Sports Bar & Grill v. DirecTV, Inc.*, 563 F.Supp.2d 812, 819 (N.D.Ohio 2008); Fed.R.Civ.P. 8(a)(3). For

WALKER TRIAL LAWYERS
31504 RAILROAD CANYON ROAD, SUITE 2
CANYON LAKE, CA 92587
TELEPHONE: 951.667.5792

these reasons, Defendant's motion to dismiss Plaintiff's claim for unjust enrichment should therefore be denied.

## IV.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's motion to dismiss Plaintiff's First Amended Complaint. In the alternative, Plaintiff seeks leave to amend the complaint.

Dated: May 22, 2017

WALKER TRIAL LAWYERS, LLP

By: /s/ Barry M. Walker
Barry M. Walker
James R. Boyd
Amy M. Oakden
Attorneys for Plaintiff,
Z BEST BODY AND PAINT SHOPS, INC.

WALKER TRIAL LAWYERS
31504 RAILROAD CANYON ROAD, SUITE 2
CANYON LAKE, CA 92587
TELEPHONE: 951.667.5792

**FEDERAL COURT PROOF OF SERVICE**

Z Best Body and Paint Shops v. The Sherwin Williams Co., Case No. 5:16-cv-02398-SVK-KK

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

I am employed in the County of Riverside, State of California. I am over the age of 18 and not a party to the within action; my business address is 31618-1 Railroad Canyon Road, Canyon Lake, CA 92587.

On May 22, 2016, I served the foregoing document(s) described as follows:

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

By placing true copies thereof enclosed in sealed envelopes addressed as follows:

**Hurrell & Cantrall, LLP**
**Thomas C. Hurrell**
**300 S. Grand Avenue, Suite 1300**
**Los Angeles, CA 90071**
**T: 213.426.2000**

**Young Basile Hanlon & MacFarlane, PC**
**Jeffrey D. Wilson**
**Eddie D. Woodworth**
**3001 W. Big Beaver Road, Suite 624**
**Troy, Michigan 48084**
**T: 248.649.3333**

[ X ] **BY MAIL**: I placed such envelopes with postage thereon prepaid in the United States mail at Canyon Lake, California.

[ ] **BY PERSONAL SERVICE THROUGH AMICUS LEGAL PROCESSING CORP.**: - separate proof of personal service will be filed.

[ ] **BY FACSIMILE**: The above-referenced document (together with all exhibits and attachments thereto) was transmitted via facsimile transmission from 951.821.7150 to the addressee(s) as indicated on the attached mailing list on said date and the transmission was reported as completed and without error.

[ ] **BY FEDERAL EXPRESS**: I am readily familiar with Walker Trial Lawyers' business practices of collecting and processing items for pickup and next business day delivery by Federal Express. I placed such sealed envelope(s) for delivery by Federal Express to the offices of the addressee(s) as indicated on the attached mailing list on the date hereof following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

JOHNCEE COCHRAN