UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 16-2398-SVW (KKx) | Date: | August 29, 2017 |
|---|---|---|---|
| Title: | *Z Best Body and Paint Shops, Inc. v. The Sherwin-Williams Company, et al.* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):        Attorney(s) Present for Defendant(s):

None Present                                                   None Present

**Proceedings:** (In Chambers) Order Granting Ex Parte Application to Quash Subpeona [Dkt. 53]

On August 24, 2017, Defendant The Sherwin-Williams Company ("Defendant") filed an Ex Parte Application to Quash Non-Party Subpoena ("Application"). ECF Docket No. ("dkt.") 53, Application. On August 25, 2017, Plaintiff Z Best Body and Paint Shops, Inc. ("Plaintiff") filed an Opposition to the Application. Dkt. 54. After consideration of the papers in support of and in opposition to the Application, the Court GRANTS the Application.

I.
PROCEDURAL HISTORY

A.    JB COLLISION LITIGATION

On August 20, 2013, Defendant sued non-party JB Collision Services Inc. ("JB Collision") in the United States District Court for the Southern District of California for breach of a supply agreement (the "JB Collision Litigation"). SDCA Case No. 3:13-cv-1946-LAB (WVG), Dkt. 1.

On June 20, 2014, the court granted and issued the parties' stipulated protective order in the JB Collision Litigation. Id., Dkt. 35. The protective order provides "no document . . . produced pursuant to FRCP 26, in response to FRCP 33 Interrogatories, [or] FRCP Requests for Production . . . , which is designated 'Confidential,' shall be disclosed in any way, direct or

indirectly, in any form, to anyone other than in connection with this case." Id. Plaintiff in the instant litigation was not a party to the JB Collision Litigation protective order. See id.

During a four-day jury trial from November 17, 2015 through November 20, 2015, a number of documents that were protected under the protective order were marked as trial exhibits in the JB Collision Litigation. Declaration of Eddie Woodworth in support of Application ("Woodworth Decl."), ¶ 11. Following the trial, the court ordered return of the exhibits and that the parties continue to comply with the protective order. Id., ¶ 13, Ex. 4.

**B.   CURRENT LITIGATION**

On November 21, 2016, Plaintiff sued Defendant in the instant action for breach of a supply agreement. Dkt. 1, Complaint. On April 25, 2017, Plaintiff filed a First Amended Complaint. Dkt. 31. On June 7, 2017, the Court granted in part and denied in part Defendant's Motion to Dismiss the FAC. Dkt. 39. On June 28, 2017, Defendant filed an Answer to the FAC, which it then amended on July 18, 2017. Dkts. 43, 46.

On July 24, 2017, the Court held a scheduling conference and set trial for December 5, 2017. Dkt. 48.

On August 2, 2017, Plaintiff served a subpoena on counsel for JB Collision seeking "any and all records and documents produced by [Defendant] in related Case No. 13-CV-1946-LAB (WVG) [the JB Collision Litigation] and received by Defendant JB Collision Services, Inc. during discovery, including but not limited to, all sets of [Defendant's] documents produced" (the "Subpoena"). Woodworth Decl., Ex. 1. A copy of the Subpoena was served on Defendant on July 31, 2017, but Defendant did not receive the copy until August 7, 2017. Id., ¶ 3, Ex. 1.

On August 17, 2017, JB Collision filed a "Notice of Federal Subpoena and Request for Instructions from Court" ("Notice"). Dkt. 50. On August 21, 2017, Defendant filed a Response to JB Collision's Notice. Dkt. 51. On August 24, 2017, Plaintiff filed Objections to Defendant's Response. Dkt. 52.

On August 24, 2017, Defendant filed the instant Application arguing (a) ex parte relief is warranted because JB Collision's production is due on August 31, 2017; (b) Plaintiff failed to provide Defendant with proper notice of the Subpoena pursuant to Federal Rule of Civil Procedure 45(a)(4); (c) documents responsive to the Subpoena are subject to the JB Collision Litigation protective order; and (d) the Subpoena is overbroad. Dkt. 53. On August 25, 2017, Plaintiff filed an Opposition to the Application arguing (a) Defendant failed to give proper notice of the Application; (b) Plaintiff provided proper notice of the Subpoena; (c) the JB Collision Litigation protective order is overly broad; and (d) the documents sought are "highly relevant" to the instant case. Dkt. 54.

///
///

# II.
# APPLICABLE LAW

"The purpose of . . . the ex parte motion papers is to establish why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner." Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995); see also Dkt. 8, Court's Standing Order at 8.  As a general matter, unlike regularly noticed motions, applications for ex parte relief are "inherently unfair" and "pose a threat to the administration of justice" because "the parties' opportunities to prepare are grossly unbalanced."  Mission Power, 883 F. Supp. at 490.  The opposing party "can rarely make its best presentation" on the short notice accompanying an ex parte application.  Id. at 491.  Hence, to justify use of ex parte procedures, a party seeking ex parte relief must show: (1) "the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."  Id. at 492.

"On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies."  Fed. R. Civ. P. 45(d)(3)(A)(iii).

# III.
# DISCUSSION

Here, ex parte relief is appropriate because, without direction from the Court, it appears JB Collision intends to produce documents on August 31, 2017 that are subject to the JB Collision Litigation protective order.  See Dkt. 50.  Plaintiff argues Defendant is at fault for creating the crisis requiring ex parte relief because Defendant was served with the Subpoena on July 31, 2017, but did not seek relief from the Court until August 24, 2017.  Dkt. 54 at 4.  However, even if Defendant had filed a motion immediately upon receipt of the Subpoena on August 7, 2017, the motion could not have been heard before August 31, 2017 following regular noticed motion procedures.  Hence, the Court will address the merits of Defendant's Application.[1]

As an initial matter, the Court declines to quash the Subpoena based on improper service. Pursuant to Federal Rule of Civil Procedure 45(a)(4), "if the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."  Fed. R. Civ. P. 45(a)(4).  Here, Defendant states it did not receive the Subpoena until August 7, 2017.  Woodworth Decl., ¶ 3. However, the proof of service attached to the copy of the Subpoena filed by Defendant shows

---

[1] While Plaintiff argues notice of the Application was improper because Defendant did not notify Plaintiff an opposition must be filed by 3:00 p.m. on the day following the filing of the Application, Plaintiff filed its Opposition at 2:55 p.m. and the Court has considered Plaintiff's arguments.  Therefore, the Court declines to strike the Application for this reason.

Plaintiff served the Subpoena on Defendant on July 31, 2017, id. Ex. 3, which is before Plaintiff served JB Collision on August 2, 2017, Dkt. 54, Ex. D. Therefore, it appears Plaintiff complied with the service requirements of Federal Rule of Civil Procedure 45 requiring service of a subpoena on all parties "before" service on the non-party. See Fed. R. Civ. P. 45(a)(4).

Defendant argues the Subpoena is an improper attempt to circumvent traditional discovery and cites Barrella v. Vill. of Freeport, No. 12-CV-0348 ADS (WDW), 2012 WL 6103222 (E.D.N.Y. Dec. 8, 2012). Dkt. 53 at 8-13. In Barrella, the plaintiff served a subpoena seeking "all deposition transcripts and discovery produced and received in" an action brought by a different plaintiff against the same defendant on the plaintiff in the other litigation. Id. at *1. The court held that while "courts should always be mindful of achieving the most efficient litigation possible, [Federal Rule of Civil Procedure 1] does not permit a party to obtain discovery obtained in a separate lawsuit that is subject to a protective order, simply because that party maybe does not wish to spend his own time or money." Id. at *2. The court affirmed the magistrate judge's discovery order quashing the subpoena on the non-party. Id. The Court agrees with Defendant this case is analogous to Barrella. Here, as in Barrella, Plaintiff seeks to enforce the Subpoena to obtain information produced by Defendant in distinct litigation, instead of from Defendant itself. See id. at *3.

Plaintiff argues Barrella is distinguishable because it is an Eastern District of New York case that is "contrary to case law established in this circuit." Dkt. 54 at 9 (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122 (9th Cir. 2003); Pac. Fuel Co. LLC v. Shell Oil Co., No. CV 06-0225-AG (AJWx), 2008 WL 11340297, at *2 (C.D. Cal. Sept. 22, 2008)). However, the cases cited by Plaintiff are meaningfully distinguishable from Barrella and the case before this Court because they involved motions to amend protective orders filed before the courts that issued the protective orders. "The court that issued the order is in the best position to make the relevance assessment for it presumably is the only court familiar with the contents of the protected discovery." Foltz, 331 F.3d at 1132. "*If* the protective order is modified, the collateral courts may freely control the discovery processes in the controversies before them *without running up against the protective order of another court*." Id. at 1133 (emphasis added) (reversing and remanding denial of motion to amend protective order because the court that issued the protective order failed to consider the relevance of the specific documents sought). In Barrella, the court found that because the other litigation was still pending, it would not require significant additional burden and expense for the party seeking discovery to seek modification of the protective order issued in the other court. Barrella, 2012 WL 3103222 at *4. Similarly, here, the Court finds because the JB Collision Litigation is still pending, see Woodworth Decl., ¶ 14, it would not require significant additional burden and expense for Plaintiff to seek modification of the protective order before the United States District Court for the Southern District of California.

Moreover, the Subpoena appears to be overbroad. Plaintiff conclusorily argues the documents are relevant because both cases involve Defendant and "claims by body shops" "regarding Defendant's defective automotive paint products" during "overlapping time periods." Dkt. 54 at 9-10. However, the broad request for all "record and documents"

produced by Defendant in the JB Collision Litigation appears to be overbroad on its face because it would necessarily encompass documents relating to Defendant's business relationship with JB Collision, who is not a party to the instant action, including "a list of products purchases, written correspondence, and service documents." See Woodworth Decl., ¶ 7.

Therefore, the Subpoena is overbroad, seeks disclosure of documents protected by the JB Collision Litigation protective order, and no exception or waiver of protection is applicable. See Fed. R. Civ. P. 45(d)(3)(A)(iii).

## IV.
## CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's Ex Parte Application.

**IT IS SO ORDERED.**